IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IRENE MORIN | § | |
| | § | |
| V. | § | A-17-CV-787-AWA |
| | § | |
| NANCY A. BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Brief in Support of Claim (Dkt. No. 16) and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 17). Also before the Court is the Social Security record filed in this case (Cited as "Tr.").

**I. General Background**

Plaintiff Irene Morin, who was born on November 22, 1972, was forty-three years old at the time of the ALJ's decision dated April 25, 2016. (Tr. 34, 184). Plaintiff attended school through the tenth grade. (Tr. 49, 218). Morin filed applications for a period of disability and disability insurance benefits on April 21, 2014, and supplemental security income on September 2, 2014, due to impairments that she alleges became disabling on November 1, 2008. (Tr. 70, 71, 79-81, 92, 184-195). After Morin's applications were initially denied on September 19, 2014, and then again denied upon reconsideration on November 13, 2014, Morin requested a hearing before an administrative law judge (ALJ) and that hearing was held on March 16, 2016. (Tr. 103-121, 123-130). Morin appeared in Austin, Texas and the ALJ presided over the hearing from Dallas, Texas. (Tr. 45). At the hearing, vocational expert testimony was heard. (Tr. 61-66).

The ALJ issued a decision on April 25, 2016. (Tr. 25-34). The ALJ found that Morin meets insured status through December 31, 2013, and that she has not engaged in substantially gainful

activity since November 1, 2008, her alleged disability onset date. (Tr. 27). The ALJ found that Morin has severe obesity, diabetes mellitus, focal intraforaminal protrusion at L4-5 which is contracting the left L4 nerve root in the foramen, degenerative disc disease and spondylosis at L5-S1 with bilateral S1 nerve root compression on the left greater than the right, and degenerative disc disease of thoracic spine, osteoarthritis of the right elbow, keratoconus, and hypertension. (Tr. 27-28). The ALJ found that Morin did not have an impairment or combination of impairments that met or equaled the criteria of any listed impairment. (Tr. 28-29). Overall, the ALJ found that Morin has the residual functional capacity (RFC) to perform sedentary work, except she can only occasionally climb ramps and stairs, cannot climb ladders, ropes or scaffolds, she can frequently balance, and occasionally stoop, kneel, crouch, and crawl, and must avoid ordinary hazards in the workplace, e.g. boxes on the floor, doors ajar, etc. (Tr. 29). Based on this RFC finding the ALJ found that Morin is unable to perform any past relevant work, however, considering this RFC, Morin's age, education, work experience, and vocational expert testimony, the ALJ found there are jobs that exist in significant numbers in the national economy that Morin can perform. (Tr. 32-33). Because the ALJ believed Morin can perform other work in the national economy, the ALJ found that Morin is not disabled within the meaning of the Social Security Act. (Tr. 33-34).

On August 15, 2017, Morin filed the instant lawsuit under 42 U.S.C. § 405(g) requesting that the Court reverse the Commissioner's decision in this case. Specifically, Morin argues that: (1) the ALJ erred in finding that her lumbar spine impairments do not meet or equal the requirements of Listing 1.04 of the Regulations; and (2) the ALJ erred in failing to include a sit/stand option in Morin's RFC and therefor erroneously found Morin capable of performing other work in the national economy.

## II. Legal Standard

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. A finding of disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III. Analysis

Morin presents two issues for review: (1) the ALJ erred in finding that her lumbar spine impairments do not meet or equal the requirements of Listing 1.04 of the Regulations; and (2) the ALJ erred in failing to include a sit/stand option in Morin's RFC and therefor erroneously found Morin capable of performing other work in the national economy.

### A. Listing 1.04

At Step Three of the ALJ's analysis, the ALJ applies the Social Security Administration's Listing of Impairments, which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). A claimant whose impairment (or combination of impairments) meets or equals the criteria of a Listing is disabled and entitled to benefits. For that reason, the criteria in the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). At Step Three, the burden remains on the plaintiff to establish that her impairment or combination of impairments meets an impairment enumerated in the Listing. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

Morin argues that remand is required because the ALJ did not engage in a detailed discussion as to why Plaintiff did not meet Listing 1.04(A). *See* Dkt. No. 16 at 3-6. Morin argues that in coming to his Step Three finding, the ALJ refers to only five records—one mentioning obesity, spinal tenderness and reduced range of motion, the second and third referring to vision, and the fourth and fifth about stable diabetes— and there is no discussion as to why Plaintiff lumbar spine impairment failed to meet the listing requirements. Specifically, Morin claims the ALJ failed to evaluate her lumbar spine impairment under Listing 1.04(A). (Tr. 28-29). She argues that the evidence in the record shows that her impairment meets the Listing 1.04(A) requirements, and that therefore, the ALJ's failure to support his Step Three findings with a discussion of the relevant evidence is error that requires remand. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Commissioner argues that the ALJ considered all of the evidence and properly determined that Plaintiff did not meet any listing, specifically referencing Listings 1.02, 1.04, 2.00,

4.00, and 9.00. (Tr. 29). The Commissioner further argues that even assuming the ALJ's articulation of his Step Three finding constituted error, any such error would be harmless.

In this case, the ALJ's Step Three analysis was as follows:

> None of the claimant's impairments, either alone or in combination, are so severe as to meet or medically equal a listed impairment. The listings in 1.02 Major Dysfunctions of Joint, 1.04 Disorders of the Spine, 2.00 Special Senses and Speech, 4.00 Cardiovascular System, and 9.00 Endocrine Disorders have especially been considered in making this finding. In particular, the undersigned notes that the evidence of record does not reflect all the findings required in the List of Impairments, nor do the clinical findings, imaging studies, or laboratory tests show the severity contemplated in the listings. . . . Specifically, objective findings on physical exams continue to be no more than mild to moderate, and include obese appearance, but regular heartrate and rhythm, normal respiratory effort and sounds, normal pulses, and paraspinal tenderness, right elbow tenderness, and decreased range of motion. (16F/30-32).

Tr. at 29. *Audler* holds that summarily concluding that a claimant fails to meet or equal the criteria of an unspecified listing is error because it does not permit meaningful judicial review. 501 F.3d at 448. Nonetheless, Fifth Circuit precedent does not require remand unless substantial rights have been affected. *Id.*; *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). An ALJ's failure to set out a basis for his decision at Step Three affects substantial rights when the claimant appears to have met the burden to demonstrate that she meets or equals a listing. *See Audler*, 501 F.3d at 449.

The Court finds that the ALJ's conclusions are not "beyond meaningful judicial review," as were the findings at issue in *Audler*. 501 F.3d at 448. In *Audler*, "[t]he ALJ did not identify the listed impairment for which Audler's symptoms fail to qualify, nor did she provide any explanation as to how she reached the conclusion that Audler's symptoms are insufficiently severe to meet any listed impairment." *Audler*. 501 F.3d at 448. Here, the ALJ identified the listed impairments for which Morin's symptoms fail to qualify. Additionally, the ALJ provided an explanation as to how he

reached his conclusion that Morin did not qualify for any of them. Specifically, the ALJ relied upon objective findings on physical exams. Because the court can review the record of physical exams to determine whether it supports the ALJ's decision, the instant case does not present the problem identified in *Audler* of "a bare conclusion [ ] beyond meaningful judicial review." 501 F.3d at 448. Thus the Court concludes that the ALJ did not err under the authority of *Audler*.

Even assuming there was error, Morin would not be entitled to relief because the ALJ's error did not affect her substantial rights. An ALJ's failure to set out a basis for his decision at Step Three affects substantial rights when the claimant appears to have met the burden to demonstrate that she meets or equals a listing. *See Audler*, 501 F.3d at 449. Morin has failed to meet that burden. Listing 1.04(A) requires a claimant to prove the following:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord." With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

20 C.F.R. Part 404, Subpt. P, App. 1, § 1.04.

The record shows that Morin failed to show the motor, sensory, or reflex loss required by Listing 1.04(A). Instead, physical examinations throughout the adjudicated period showed Morin had normal reflexes (Tr. 350, 352, 529, 702, 735, 1401), and no sensory or motor deficits (Tr. 350, 410, 559, 628, 702, 735, 907, 927, 933, 942, 1284, 1401). Examinations during the adjudicated period showed Morin had normal musculature and full range of motion of the spine (Tr. 479, 515, 548, 569,

7

628, 880, 927, 933, 942), and negative straight leg raise testing (Tr. 350, 410). In addition, State agency physicians considered the evidence available to them and found at the initial and reconsideration determination levels in September and November 2014 that Morin did not meet Listing 1.04. (Tr. 74, 85).[1]

Morin has satisfied some but not all of the specific requirements of the listing for disorders of the spine, which is not enough to meet her burden. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Id*. at 529-32; 20 C.F.R. § 404.1525(c)(3).The evidence in the record supports the ALJ's Step Three determination and Morin has failed to meet her burden to show she met Listing 1.04(A). Any error by the ALJ qualifies as harmless error.

**B.      Failure to Include a Sit/Stand Option**

Morin next argues that the ALJ erred when determining Morin's RFC, because the ALJ failed to include all limitations relating to her impairments. Morin asserts that the ALJ's finding that she has the RFC to perform sedentary work is inconsistent with the evidence of record. Specifically, Morin maintains that the ALJ erred when he failed to include a sit/stand option in her RFC and erroneously found Morin capable of performing other work in the national economy. (Tr. 29-33). Morin asserts that the medical evidence of record supports such a limitation and that the ALJ acknowledged and the

---

[1]Morin argues that the doctor's examination "appears . . .cursory and incomplete" and that the ALJ erred in not ordering a consultative examination. This argument carries no weight. The record reflects that the agency sent Morin for a consultative examination with Robert L. Stroud, M.D., on February 14, 2012. (Tr. 732-36). Additionally, the duty to obtain medical records belongs to the claimant and not the SSA. *See Gonzalez v. Barnhart*, 51 Fed. App'x 484, 2002 WL 31319423, at *1 (5th Cir. Oct. 4, 2002) (the duty to obtain medical records belongs to the claimant); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (claimant bears the burden of production at step two of the sequential evaluation process). The ALJ did not err by not ordering a second consultative examination.

8

medical records reflects that Morin is severely obese and has severe lumbar spine impairments, which support the inclusion of a sit/stand option in her RFC. (Tr. 344, 359, 381-84, 386-91, 410, 411, 414, 735, 801, 804, 813, 815, 921, 927, 937, 941-43, 966, 969, 1084, 1107, 1449-1450). The Commissioner asserts that substantial evidence supports the ALJ's RFC determination, and the Court should overrule Morin's argument.

The proper inquiry in reviewing an ALJ's RFC assessment is whether substantial evidence supports it. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). The RFC determination is reserved to the ALJ. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-5p. Additionally, the RFC assessment represents the most a claimant can do despite her impairments, not the least. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The Court finds that the objective medical evidence, medical opinion evidence, and Morin's subjective statements support the ALJ's RFC determination.

The ALJ recognized Morin's disc protrusions and degenerative disc disease, and accounted for the limitations they caused by formulating an RFC for sedentary work with postural limitations. (Tr. 30-31). The ALJ noted that the objective medical evidence showed largely normal findings, especially with regard to motor strength and sensory perception. (Tr. 30-31, 350, 410, 559, 628, 702, 735, 907, 927, 933, 942, 1284, 1401). Objective examination findings also showed a normal gait and sitting posture, and negative straight leg raise testing (Tr. 30, 350, 410), and on several occasions Morin had a full range of motion of the spine with no muscular abnormalities noted. (Tr. 31, 479, 515, 548, 569, 628, 880, 927, 933, 942). At her February 2012 consultative examination, Morin had normal pulses and reflexes with no sensory or motor deficits. (Tr. 31, 735). The medical evidence also shows that Morin underwent physical therapy and that it was successful in controlling her pain.

(Tr. 30, 384, 526, 937). Thus, the objective medical evidence supports the sedentary RFC the ALJ assessed.

The ALJ also considered the medical opinion evidence, noting that State agency physicians considered the evidence and determined that Morin had no more than mild to moderate limitations. (Tr. 30-31). On September 9, 2014, John Durfor, M.D., reviewed all of the evidence and opined that Morin could perform a range of light work with the ability to sit for six hours in an eight-hour day (Tr. 75-76). State agency physician Randal Reid, M.D., affirmed Dr. Durfor's findings on reconsideration on November 10, 2014 (Tr. 86-88). Ultimately, the ALJ considered later evidence and reduced Morin's RFC to a range of sedentary work; but these opinions constitute substantial evidence in support of the ALJ's decision not to include a sit/stand option in Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) (State agency physicians are "highly qualified . . . experts in Social Security disability evaluation" whose opinions ALJs must consider); 20 C.F.R. 404.1567(b), 416.967(b) (if a claimant can do light work, she can also do sedentary work).

Morin's subjective statements also support the ALJ's determination that Plaintiff is capable of performing sedentary work with postural limitations and no sit/stand option. The ALJ noted that Morin testified at the March 16, 2016, administrative hearing that she was taking only over-the-counter medications and not seeking care from a doctor for her back pain. (Tr. 31, 53). The use of only an over-the-counter pain reliever, and a failure to seek treatment for pain, undermine claims that the pain is disabling. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). The ALJ also noted that Morin reported in May 2015 that she labored outside for six hours and experienced only cramping and near syncope related to possible dehydration, which indicates an activity level inconsistent with an inability to perform a range of sedentary work (Tr. 31, 1268-75). *Leggett v.*

*Chater*, 67 F.3d 558, 565 n. 12 (5th Cir. 1995) (daily activities are relevant to the disability determination).

The Court finds that substantial evidence supports the ALJ's RFC assessment, and Morin has not met her burden to show that she could not perform the range of work the ALJ found she could perform. The Court find Morin's argument that the RFC should have included a sit/stand option to be of no moment. Because Morin failed to satisfy her Step Three burden and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the ALJ's decision in this case.

## IV. Conclusion

In summary, the Court finds that the ALJ applied the proper legal standards to Morin's case, and that her findings are supported by substantial evidence in the record. The decision of the Commissioner of the Social Security Administration is therefore **AFFIRMED**.

SIGNED this 21st day of September, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE